PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NATHAN L. BAKER, | ) | |
| | ) | CASE NO. 4:24 CV 00530 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| COUNTY OF MAHONING, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

*Pro se* Plaintiff Nathan L. Baker,[1] filed this civil rights action against Mahoning County; Mahoning County Sheriff Jerry Greene; Warden Kountz; Mahoning County Commissioners D. Ditzler, A. Trafficanti, and C. Rimedio-Richettietti; and Mahoning County Deputies Dukes and Torres. ECF No. 1. Plaintiff brings claims that Defendants' actions constitute cruel and unusual punishment under the Eighth Amendment and the Fourteenth Amendment's Due Process Clause.

## I. Background

Plaintiff states that when he arrived at the Justice Center for booking, his finger was "stitched back on from getting it cut off" and that "when fleeing from the police the stitches were dislodged." ECF No. 1 at PageID #: 5. Plaintiff alleges that he repeatedly requested treatment for his finger, and after one week, he was taken to his doctor's appointment at Southwoods

---

[1] Plaintiff filed this action as a pretrial detainee at the Mahoning County Justice Center. *See* ECF No. 1 at PageID #: 3. Plaintiff is now described as a "parole violator at large" associated with Ross Correctional Institution. He was on Adult Parole Authority. *See* Offender Details, Ohio Dep't Rehab. & Corr., https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A772035 (last visited July 30, 2024).

(4:24CV00530)

Health. He states that the doctor cleaned and dressed the wound and advised that his finger be placed in a splint. Plaintiff alleges that instead, Deputies Dukes and Torres "made their own decision" and "taped my finger to a pen . . . so they could send me back to population and save some space in medical." ECF No. 1 at PageID #: 5. According to Plaintiff, he had a follow up appointment with a Wellpath physician who told him that the deputies should not have taped his finger to the pen. The physician then taped Plaintiff's finger to a "pen tube." ECF No. 1 at PageID #: 6.

Plaintiff alleges that "due to this medical malpractice and negligence," his finger is crooked and is an obstacle in daily living. ECF No. 1 at PageID #: 6. He seeks monetary and injunctive relief.

## II. Standard of Review

*Pro se* pleadings are liberally construed. Boag v. MacDougall, 454 U.S. 364 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 564 (2007). A

2

(4:24CV00530)

pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. A plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, a court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Law and Analysis

Plaintiff brings his claim of cruel and unusual punishment against Defendants in their individual and official capacities.

### A. Individual Capacity Claims

Individual capacity claims seek to hold a defendant personally liable for damages. These claims must be based on a defendant's own actions. A defendant cannot be held liable simply because he or she was charged with overseeing a subordinate who may have violated the plaintiff's constitutional rights. *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citing *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006)). Rather, individual liability requires a clear showing that a defendant was personally involved in the activities that form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371

(4:24CV00530)

(1976). *See also* Heyerman v. Cnty. of Calhoun, 680 F.3d. 642, 647 (6th Cir. 2012) (noting that "[p]ersons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior"). Individual liability must therefore "be based on the actions of that defendant in the situation that a defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants." Gibson v. Matthews, 926 F.2d 532, 535 (6th Cir. 1991). A defendant must play more than a passive role in the alleged violation or show mere tacit approval of the actions in question. Rizzo, 423 U.S. at 371.

Here, the only Defendants identified as being personally involved in the actions described in the Complaint are Deputies Dukes and Torres. The Complaint fails to allege any facts suggesting that Defendants Greene, Kountz, Ditzler, Trafficanti, and Rimedio-Richettietti personally participated in any of the actions giving rise to this Complaint. Plaintiff therefore fails to state a claim against these Defendants in their individual capacities.

Regarding Deputies Dukes and Torres, Plaintiff alleges that their treatment concerning his injured finger constituted cruel and unusual punishment. Specifically, Plaintiff claims that the deputies ignored his doctor's orders and taped his injured finger to a pen rather than placing Plaintiff "in medical" to obtain a splint. Plaintiff alleges the deputies should not have made that decision and their conduct was medical malpractice and negligence. ECF No. 1 at PageID #: 5–6.

As a pretrial detainee, Plaintiff's constitutional protections originate from the Due Process Clause of the Fourteenth Amendment, which protects detainees from being "punished prior to an adjudication of guilt," rather than the Eighth Amendment, which applies to prisoners

4

(4:24CV00530)

convicted of crimes. See *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *see also Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018). The Due Process Clause of the Fourteenth Amendment requires government officials to provide adequate medical care to pretrial detainees. *Heeter v. Bowers*, No. 23-3296, 99 F.4th 900, 915 (6th Cir. 2024) (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)). A plaintiff is entitled to relief, however, only if a government official acts with "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "Both pretrial detainees . . . and convicted prisoners have a constitutional right to be free from deliberate indifference to their serious medical needs." *Howell v. NaphCare, Inc.*, 67 F.4th 302, 310 (6th Cir. 2023).

Like claims of convicted prisoners asserting claims under the Eighth Amendment, a pretrial detainee's claims under the Fourteenth Amendment requires that he demonstrate both objective and subjective components of the deliberate indifference standard. *Helphenstine v. Lewis Cnty., Kentucky*, 60 F.4th 305, 315 (6th Cir. 2023). To state a claim as a pretrial detainee, Plaintiff must demonstrate that (1) he "had a sufficiently serious medical need" and (2) Deputies Dukes and Torres recklessly disregarded "an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Helphenstine*, 60 F.4th at 317 (quoting *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021)).

To satisfy the objective element, Plaintiff must demonstrate his "injury [was] so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Hicks v. Scott*, 958 F.3d 421, 438 (6th Cir. 2020) (quoting *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 899 (6th Cir. 2004)) (internal quotation marks omitted). To satisfy the subjective element,

5

(4:24CV00530)

Plaintiff must show that the officers either knew the risk of harm and disregarded it, or that they "*recklessly disregarded* a risk so obvious that they . . . should have known of it." *Lawler ex rel. Lawler v. Hardeman Cnty.*, 93 F.4th 919, 927 (6th Cir. 2024) (emphasis in original) (citing *Helphenstine*, 60 F.4th at 317).

Assuming that Plaintiff has demonstrated a "sufficiently serious medical need," *i.e.*, "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," *Blackmore*, 390 F.3d at 897 (quoting *Gaudreault v. Municipality of Salem*, 923 F.2d 203, 208 (1st Cir. 1990)), he has satisfied the objective component of deliberate indifference. Plaintiff, however, has failed to satisfy the subjective component.

In the instant case, Plaintiff fails to demonstrate that Deputies Dukes and Torres recklessly disregarded a substantial risk to his health. Following his requests, Plaintiff was transported to a healthcare facility where he received medical treatment for his injured finger. Plaintiff claims the doctor advised that Plaintiff should be fitted with a splint for his injured finger. The deputies then created a makeshift splint with a pen and tape. The Complaint also indicates that Plaintiff received follow up care, at which the physician re-taped his finger. Although Plaintiff suggests that the deputies taped his finger in order to "save some space in medical," and the treating physician told Plaintiff the deputies should not have stabilized his finger with a pen, these facts establish, at best, that the deputies were negligent in the treatment of his injured finger. Deliberate indifference "entails something more than mere negligence."

6

(4:24CV00530)

*Brawner v. Scott Cty., Tenn.*, 14 F.4th 585, 598 (6th Cir. 2021); *Anderson v. Monroe Cnty. Corr. Facility*, No. 2:22-cv-4428, 2023 WL 3814001, at *2 (S.D. Ohio Jun 5, 2023).

Plaintiff, therefore, fails to state a deliberate indifference claim against Deputies Dukes and Torres in their individual capacities.

### B. Official Capacity Claims

An official capacity damages action against a state or municipal officer is the equivalent of an action against the public entity he or she serves. *Will v. Mich. Dept of State Police*, 491 U.S. 58, 71 (1989). In this case, then, the claims asserted against Defendants in their official capacities are claims directed at Mahoning County.

42 U.S.C. § 1983 does not permit a plaintiff to sue a local government entity on the theory of *respondeat superior*. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692–94 (1978). A plaintiff may only hold a local government entity liable under Section 1983 for the entity's own wrongdoing. *Id.* A local government entity violates Section 1983 when its official policy or custom actually serves to deprive an individual of his or her constitutional rights. *Id.* A "municipal policy" includes "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the municipality's "lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell*, 436 U.S. at 690, 694. A "custom" for purposes of *Monell* liability must "be so permanent and well[-]settled as to constitute a custom or usage with the force of law." *Monell*, 436 U.S. at 691 (internal quotation marks omitted).

7

.

(4:24CV00530)

To demonstrate that the county's policies caused constitutional harm, the plaintiff must "(1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that [his] particular injur[ies] w[ere] incurred due to execution of that policy." *Brawner*, 14 F.4th at 598 (quoting *Morgan v. Fairfield County*, 903 F.3d 553, 566 (6th Cir. 2018)).

Plaintiff does not identify a policy or an ordinance enacted by Mahoning County that led to the conditions to which he objects, nor does he allege facts suggesting the conditions were the result of an official custom of Mahoning County as opposed to the actions of individuals working within the jail. Consequently, Plaintiff has failed to state a claim against Mahoning County.

### IV. Conclusion

Based on the foregoing, the Court dismisses Plaintiff's Complaint, pursuant to 28 U.S.C. § 1915(e). The Court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

July 31, 2024          */s/ Benita Y. Pearson*
Date          Benita Y. Pearson
         United States District Judge